JUDGE FAILLA

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF NEW YORK

ANTHONY BARNETT,

       Plaintiff,

17 CV 2682

                       Civil Action

No._____

     v.

National Passenger Railroad

Corporation (Amtrak), et al

      Defendant,

                       JURY TRIAL

DEMANDED

## VERIFIED COMPLAINT

Plaintiff, Anthony Barnett, who is an African-American male alleges:

1) Plaintiff applied for the Passenger Engineer Trainee position in New York on or about February 5, 2015.

2) Amtrak failed to hire plaintiff for the position of Passenger Engineer Trainee.

3) Amtrak's basis for not hiring Plaintiff was, "...that this position (Passenger

I

Engineer Trainee) is not the best match for your (Plaintiff's) skills".

4) At all times relevant to this action, Plaintiff maintains that he did possess the skills to perform the functions and duties of the advertised position.

5) At the time of Plaintiff's application to Amtrak for the position of Passenger Engineer Trainee, Plaintiff's son, Anthony Barnett, Jr., possessed all of the required qualifications of a Class 1 locomotive engineer.

6) At the time of Plaintiff's application to Amtrak for the position of Passenger Engineer Trainee, Plaintiff's son, Anthony Barnett, Jr., did possess physical characteristics and operational qualifications as both a locomotive engineer and a certified train conductor on Amtrak territory, specifically the North East Corridor (NEC).

7) Plaintiff's son was required by Amtrak to possess these requirements prior to Plaintiff's operation of any railroad equipment on Amtrak territory and further endorsed by Amtrak supervisory personnel.

8) Plaintiff's son has operated locomotive engines and trains on the said territory from the time in question until present.

9) Amtrak's pretextual statement of Plaintiff's lack of skill was nothing more than a facially neutral barrier to hide the intentional retaliatory animus of Amtrak supervision towards Plaintiff, who was formerly a New Jersey Transit (NJT) locomotive engineer trainee.

10) Amtrak has assumed that its failure to hire Plaintiff, or his son, is nothing more than unintentional collateral damage.

11) This intentional retaliation was meant to punish Plaintiff.

12) Plaintiff did engage in protected activity while employed as a locomotive

engineer trainee for New Jersey Transit Rail Operations.

13)    Plaintiff was subsequently terminated from NJT due to his opposition to discrimination in the workplace at NJT.

14)    NJT supervisory personnel work closely with Amtrak Rail Supervision.

15)    Amtrak Rail Supervisory agents did influence the hiring decision.

16)    Amtrak's Road Foreman II of Engines for the New York region is William Craven.

17)    William Craven has a relationship with NJT's former Chief Trainmaster Alan Zahn.

18)    Alan Zahn was one of the main actors named in the civil action pursued against NJT Rail Operations by Plaintiff.

19)    Amtrak never specified any skill set needed for the posted position of Passenger Engineer Trainee.

20)    Amtrak never administered a skill assessment examination to Plaintiff pursuant to 49 CFR 240.127.

21)    Amtrak never administered a skill assessment examination to Plaintiff's son, Anthony J. Barnett, Jr. pursuant to 49 CFR 240.127.

22)    Amtrak cannot produce any written documentation of any skill assessment of Plaintiff's skill level or ability that would support the decision not to hire Plaintiff or Plaintiff's son, Anthony J. Barnett, Jr.

23)    Amtrak cannot produce any Event Recorder from any train simulator or locomotive engine that would support the decision not to hire Plaintiff or Plaintiff's son, Anthony J. Barnett, Jr.

24)    The individual Amtrak supervisory agents responsible for making the hiring

III

decision in question were referred to as The Talent Acquisition Team.

25) Plaintiff received an email notification of Amtrak's hiring decision on or about July 15, 2015.

26) Plaintiff's son, Anthony J. Barnett, Jr., also an applicant to Amtrak for the position of Passenger Engineer Trainee, received an email notification of Amtrak's hiring decision within 25 seconds of Plaintiff's email notification.

27) Although Plaintiff and his son have the same name, Plaintiff's son, Anthony, has the suffix Jr. attached.

28) The email notifications received by Plaintiff and his son, Anthony Jr., clearly show that Amtrak was aware of the fact that it sent two (2) different email notifications to two (2) different people.

29) Plaintiff maintains that but for the fact that he did engage in protected activity while employed with his former employer NJ Transit Rail Operations, both Plaintiff and his son, fellow applicant, Anthony J. Barnett, Jr. , would have been hired by Amtrak.

30) Plaintiff's civil rights pursuant to Title VII of the Civil Rights Act of 1964 as amended, were violated by Amtrak's refusal to hire either Plaintiff or Plaintiff's son, Anthony Jr.

31) Plaintiff has suffered emotional distress and undo financial hardship due to the negative employment decision made by Amtrak.

32) Amtrak's decision not to hire Plaintiff's son, Anthony J. Barnett, Jr. reflects the continuous retaliatory animus towards Plaintiff for Plaintiff's opposition to gender discrimination in a predominantly male occupation and a culture of fear and reprisal that is tolerated and exist in most if not all modern Class I Railroads

IV

in the United States.

## JURISDICTION AND VENUE

33) This action is brought pursuant to Title VII of the Civil Rights Act of 1964, *as amended, for employment discrimination. Jurisdiction is specifically conferred on this Court by* 42 US.C. § 2000e-5 and 28 U.S. C. § 1332. Equitable and other relief are also sought under U.S.C. § 2000e-5(g), 20 U.S. C. § 1681, and 42 U.S. C. § 1981(a).

34) At all times mentioned herein, Anthony Barnett ("Plaintiff") was a resident of Maplewood, New Jersey.

35) Plaintiff currently resides at 783 Prospect Street Maplewood, NJ 07040.

36) Defendant, Amtrak (National Passenger Railroad Corporation), is incorporated and principally located in the District of Columbia, at 60 Massachusetts Avenue, NE, Washington, DC 20002.

37) Amtrak is a "person" within the meaning of 42 US.C. § 2000e(a) and an "employer" within the meaning of 42 U.S.C. § 2000e(b).

38) Plaintiff filed a timely charge of race discrimination and retaliation (Charge Number 524-2015-01024) against Amtrak with the Equal Employment Opportunity Commission ("EEOC") on or around September 19,2016.

39) The EEOC opened an investigation and the EEOC was unable to conclude that the information obtained established violations of the statutes. They did not certify that the respondent was in compliance with the statutes. No finding was made as to any other issues that might have been construed as having been

V

raised by this charge. The EEOC subsequently issued Plaintiff a Notice of Suit Rights.

## CLAIM FOR RELIEF

WHEREFORE, the Plaintiff prays that the Court grant the following relief:

a) Declare that the Defendant violated Plaintiff's Title VII rights by failing to hire Plaintiff or Plaintiff's son in continuing retaliating against Plaintiff because of his engagement in protected activity while employed at NJ Transit as a locomotive engineer trainee. Therefore concluding that there was in fact discrimination at the outset.

b) As a result of Defendant's unlawful, intentional discriminatory practices, Plaintiff's salary and opportunity for employment and advancement were negatively affected. In addition, the Defendant's retaliatory conduct has caused Plaintiff to suffer significant emotional distress.

b) Remedy the practices of discrimination and intimidation through every available form of injunctive, declaratory, and monetary relief (including but not limited to hiring, retroactive seniority, back pay, front pay, loss of benefits, retirement, prejudgment interests, and all cost incurred pursuing this action).

c) In terms of affirmative injunctive relief, the Plaintiff seeks restructuring of offending policies.

d) Furthermore Plaintiff seeks to invoke the provisions added to Title VII by the Civil Rights Act of 1991 authorizing compensatory and punitive damages to the extent of the maximum amount permitted by law to fully compensate

VI

him for the pain and suffering caused by the Defendant's retaliatory conduct as alleged in this Complaint, pursuant to, and within the statutory limitations of, Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a;

f) Order the Defendant to remove from Plaintiff's personnel files, any negative references related to Plaintiff's complaints of discrimination and retaliation

(h) Award such additional relief as justice may require, together with Plaintiff's costs and disbursements in this action.

## JURY DEMAND

The Plaintiff hereby demands a trial by jury of all issues pursuant to Rule 38 of the Federal Rules of Civil Procedure and Section 102 of the Civil Rights Act of 1991,42

Anthony Barnett, Plaintiff

VII

VERIFICATION

STATE OF NEW JERSEY

COUNTY OF ESSEX


BEFORE ME personally appeared Anthony Barnett who, being by me first duly sworn and identified in accordance with New Jersey law, deposes and says:

1. My name is Anthony Barnett, Plaintiff herein.

2. I have read and understood the attached foregoing complaint filed herein, and each fact alleged therein is true and correct of my own personal knowledge.

FURTHER THE AFFIANT SAYETH NAUGHT.

_____

Anthony Barnett, Affiant


SWORN TO and subscribed before me this 13th day of April 2017.

_____

Notary Public

My commission expires:


NORMAN W. WOOLLEY, JR.
A NOTARY PUBLIC OF NEW JERSEY
My Commission Expires July 16, 2017

VIII

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To:  Anthony J. Barnett
783 Prospect Street
Maplewood, NJ 07040

From:  New York District Office
33 Whitehall Street
5th Floor
New York, NY 10004

[ ]  On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 524-2015-01024 | Sarina L. Shaver, Investigator | (212) 336-3776 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ]  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]  Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ]  The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]  Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X]  The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]  Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

Enclosures(s)

On behalf of the Commission

Kevin J. Berry,
District Director

1/12/17
(Date Mailed)

cc:

AMTRAK (NATIONAL PASSENGER RAILROAD)
234 West 31st Street
8th Avenue At 31st Street
New York, NY 10001

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA  ☒ EEOC | 524-2015-01024 |

| New York State Division Of Human Rights | and EEOC |
|---|---|
| State or local Agency, if any | |

| Name (indicate Mr., Ms., Mrs.) | Home Phone (incl. Area Code) | Date of Birth |
|---|---|---|
| **Mr. Anthony J. Barnett** | | 07-17-1967 |

| Street Address | City, State and ZIP Code |
|---|---|
| **783 Prospect Street, Maplewood, NJ 07040** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| **AMTRAK (NATIONAL PASSENGER RAILROAD)** | **500 or More** | **(212) 630-7404** |

| Street Address | City, State and ZIP Code |
|---|---|
| **234 West 31st Street, 8th Avenue At 31st Street, New York, NY 10001** | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

**DISCRIMINATION BASED ON** (Check appropriate box(es).)

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (Specify)

| DATE(S) DISCRIMINATION TOOK PLACE | |
|---|---|
| Earliest | Latest |
| 07-15-2015 | 07-15-2015 |

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I, Anthony Barnett, am a male who applied for position at Amtrak (herein referred to as "Respondent"). I believe that I was retaliated against for participating in protected activity when Respondent denied me of a position that I was clearly qualified for. Specifically, on or about March1, 2015, I applied for a Locomotive Engineer Trainee position and was rejected. I then received an e-mail, stating that the position was not the best match for my skills, when in contrast my skills are a great match for the position. I believe this is an act of retaliation because I engaged in protected activity at my previous employer (New Jersey Transit) when I complained of discrimination and was ultimately terminated in 2008. I believe the failure to hire is not based on my skillset, but due to the fact that the Amtrak Rail Supervisor works closely with New Jersey Transit, and is aware that I participated in protected activity at my previous employer.

Based on the above, I believe I was discriminated against in violation of Title VII of Civil Rights Act of 1964 (as amended), and other applicable Federal, state, and local anti-discrimination statutes.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| X 09-19-2016   Date    Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) September 19 2016 |

NORMAN E. WOOLLEY
NOTARY PUBLIC OF NEW JERSEY