MANDATE

19-91; 19-96
Barnett; Barnett, Jr. v. Nat'l R.R. Passenger Corp.

Case 1:17-cv-02682-KPF   Document 65   Filed 05/12/20   Page 1 of 4
Case 1:17-cv-02682-KPF   Document 45   Filed 05/12/20   Page 1 of 4

N.Y.S.D. Case # 17-cv-2682(KPF)

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: May 12, 2020
```

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of March, two thousand twenty.

PRESENT: BARRINGTON D. PARKER,
RAYMOND J. LOHIER, JR.,
STEVEN J. MENASHI,
*Circuit Judges.*

------------------------------------------------------------------

ANTHONY BARNETT,

*Plaintiff-Appellant,*

v.                                                                  No. 19-91

NATIONAL RAILROAD PASSENGER
CORPORATION (AMTRAK),

*Defendant-Appellee.*

------------------------------------------------------------------

MANDATE ISSUED ON 05/12/2020

|  |  |
|---|---|
| ANTHONY J. BARNETT, JR. | |
| *Plaintiff-Appellant*, | |
| v. | No. 19-96 |
| NATIONAL RAILROAD PASSENGER CORPORATION (AMTRAK), | |
| *Defendant-Appellee.*\* | |

---

| | |
|---|---|
| FOR PLAINTIFF-APPELLANT ANTHONY BARNETT: | ANTHONY BARNETT, *pro se*, Maplewood, NJ. |
| FOR PLAINTIFF-APPELLANT ANTHONY J. BARNETT, JR.: | ANTHONY J. BARNETT, Jr., *pro se*, Belleville, NJ. |
| FOR DEFENDANT-APPELLEE: | LISA M. GRIFFITH (William H. Ng, *on the brief*), Littler Mendelson, P.C., Melville, NY. |

Appeal from judgments of the United States District Court for the Southern District of New York (Katherine Polk Failla, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgments of the District Court are AFFIRMED.

---

\* The Clerk of Court is directed to amend the official caption as shown above.

2

1       Plaintiffs-Appellants Anthony Barnett (hereinafter, "Barnett") and his son

2   Anthony J. Barnett, Jr. (hereinafter, "Barnett, Jr."), both pro se, sued the National

3   Railroad Passenger Corporation (Amtrak) under Title VII of the Civil Rights Act

4   of 1964, 42 U.S.C. §§ 2000e to 2000e-17.  They alleged that Amtrak refused to hire

5   either of them in retaliation for Barnett's protected activity in a prior position

6   with a different transit employer.  We assume the parties' familiarity with the

7   underlying facts and prior record of proceedings, to which we refer only as

8   necessary to explain our decision to affirm.

9       We review the District Court's grant of summary judgment de novo,

10  viewing the evidence in the light most favorable to Barnett and Barnett, Jr., the

11  non-moving parties.  See Ya-Chen Chen v. City Univ. of N.Y., 805 F.3d 59, 69 (2d

12  Cir. 2015).  "[T]he judge must ask . . . not whether . . . the evidence unmistakably

13  favors one side or the other but whether a fair-minded jury could return a verdict

14  for the [non-moving party] on the evidence presented."  Jeffreys v. City of New

15  York, 426 F.3d 549, 553 (2d Cir. 2005).

16      We analyze Title VII retaliation claims under the familiar burden-shifting

17  framework set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802–04

(1973). At the first stage of the McDonnell Douglas framework, the plaintiff must establish a prima facie case of retaliation by demonstrating: "1) participation in a protected activity; 2) the defendant's knowledge of the protected activity; 3) an adverse employment action; and 4) a causal connection between the protected activity and the adverse employment action." Zann Kwan v. Andalex Group LLC, 737 F.3d 834, 844 (2d Cir. 2013) (quotation marks omitted).

Here the District Court concluded that there was no genuine dispute of material fact that Amtrak was unaware of Barnett's protected activity. Although we have carefully considered the Barnetts' views to the contrary, we agree with the District Court that Amtrak produced admissible evidence that it was unaware of Barnett's protected activity, that the Barnetts in this case did not sufficiently controvert that evidence, and that they therefore failed to establish a prima facie case of retaliation.

We have considered the Barnetts' remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgments of the District Court are AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit